TOWN OF EMERY, Respondent, v. CHICAGO, M. & ST. P. RY. COMPANY, Appellant.

(164 N. W. 108.)

(File No. 4189. Opinion filed August 30, 1917.)

1    Railroads—Railway Commissioners—Depot, Removal of, Relocation of—Evidence, Sufficiency.

Where the findings before state railway commissioners showed that, after removal of the railroad depot from its former location, it was approximately 100 feet from stockyards; that obnoxious and offensive odors therefrom rendered use of the depot objectionable; that there were no sidewalks adjacent to depot, and that foot travelers from main street to depot encountered much mud and water in wet weather, etc., and that there was public demand and necessity for relocation of depot; that it would be practicable and would serve convenience, etc., of the public, to relocate same where town trustees requested same to be placed, an order requiring relocation was proper.

2. **Same—Location of Depot—Statute Concerning Mills, Relevancy.**

In a proceeding by a town board against a railroad company, before state railway commissioners, for relocation of depot, held, that Civ. Code, Sec. 533, which applies only to mills, etc., located on railroad right of way, has no application to and does not require a depot to be located 100 feet from any other structure.

3. **Same—Depot, Location of—Proximity to Elevator—Fire Distance—Evidence.**

Where, in a proceeding before railway commissioners for relocation of a railway depot, the record discloses that if depot were located 30 feet east of the original site, it would be about 82 feet from nearest elevator, held, it cannot be said as a matter of law that such location would be an unsafe fire distance, so as to conflict with safe and convenient operation of the railway.

4. **Same—Depot, Location of—Railway Commissioners, Jurisdiction—Action of, When Not Judicially Interfered With.**

The location and relocation of depot and station houses are matters properly within jurisdiction of railway commissioners, and their action should not be interfered with by courts unless in violation of some law, or some paramount right of interested parties.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Proceeding by the Town of Emery by J. F. Schlitz and others, its board of trustees, against the Chicago, Milwaukee & St. Paul Railway Company, for relocation of a depot. From a judgment of the circuit court affirming an order of the state board of railway commissioners, defendant appeals. Affirmed.

*Porter & Grantham,* for Appellant.

*William R. Danforth,* and *Oliver E. Sweet,* for Respondents and Board of Railway Commissioners.

(1) To point one of the opinion, Appellant cited: Hauff & Stormo v. South Dakota Central R. R. Co., 34 S. D. 183, and cases there cited.

Respondent, and Board of Railway Commissioners, submitted that: The order is supported by evidence that the present location of depot is inconvenient and inaccessible; that the location adjacent to Third Street would be both convenient and accessible, and that the location thereof adjacent to Fifth Street is unsuitable and unsanitary because of the proximity of the stockyards.

(2) Under point two of the opinion, Appellant submitted that: A fair and reasonable construction of section 533 prohibits the maintenance of an elevator within 100 feet of a depot building and requires such further distance from the depot building as may be necessary to render the same safe. The order appealed from is made in disregard of this section. The police regulation thus imposed for fire protection is not to be disregarded in the interests of public convenience.

Respondent, and Board of Railroad Commissioners, submitted that: Said section does not purport to restrict or regulate the location of station buildings.

McCOY, J. [1] This is an appeal from a judgment of the circuit court affirming an order of the state board of railway commissioners in relation to the location of a depot in the town of Emery. Formerly the depot was situated upon Third street so as to occupy a portion of the street. Third street is one of the principal business streets of the town. The railway company, appellant, was required to remove its said depot from off Third street so that the said street would not be obstructed thereby. The board of trustees of the town desired and requested that said depot be removed to the east side of Third street 30 feet eastward from its former location. The appellant removed said depot about 600 feet eastward to the west side of Fifth street. Proceedings were then instituted by the town of Emery against appellant to require it to relocate its depot by removing the same to a point 30 feet east of the original location. The railway commissioners, after hearing, made an order requiring the appellant to remove and locate its depot on the east side of Third street, 30 feet east of its original site. Upon the hearing in the circuit court, among others, the following findings were made: That said depot in its present location is approximately 100 feet from the stockyards; that refuse from the stockyards was used in filling a depression of the ground at the location of said depot; that obnoxious and offensive odors from the stockyards render the use of said depot objectionable; that there are no sidewalks adjacent to said depot; and that in general persons traveling by foot from the main street of said town to said depot, a distance of approximately 600 feet, over which there are no sidewalks, find much mud and water in wet weather; that

the present location of the depot is such as to seriously inconvenience, discommode, and otherwise offend the patrons of the railway company; that there is a public demand and necessity for the location of said depot at a more suitable and convenient point upon the property of the defendant; that it would be practical from an engineering standpoint, as well as from the standpoint of safe and convenient operation of the train, and it would meet and serve the convenience, comfort, and welfare of the public, to locate the said depot at a point 30 feet east of the site of its former location, and to have constructed in connection therewith a platform 12 feet wide in front of the operator's window and extending across the west end of the depot with an extension of said platform to the point of intersection with the west side of Third street as now located and used by the public at the town of Emery.

It is the contention of appellant that said findings are not supported by the evidence; that the location of a depot on the east side of third street would be unsafe and dangerous and in conflict with section 533, Civil Code. We are of the opinion that the findings are supported by the evidence, the evidence tending to show that the present location of the depot is on very low ground, somewhat in the nature of a swamp, adjacent to stockyards, and in a place that is inconvenient and inaccessible to the general public. We are also of the view that the location of a depot on the east side of Third street, 30 feet east of the former location, would not necessarily be a dangerous or unsafe location. It is a matter of common observation and knowledge that the same or similar situations exist in dozens of other towns and cities within this state.

[2] We are also of the opinion that said section 533 has no application to the location of a depot, but only applies to the location of mills, warehouses, and other structures located on the right of way of railway companies. If a depot could not be located within 100 feet of any other structure as is mentioned in section 533, it might be impossible to find any legal place within a town or city on which to locate a depot at all.

[3, 4] The record discloses that if a depot were located 30 feet east of the original site, it would be about 82 feet from the.

nearest elevator. We, cannot say as a matter of law that that would be an unsafe fire distance from a station house in a town the size of Emery, or that the same would conflict with the safe and convenient operation of the railway. The location of depots and station houses is a matter, in which the general public has an interest, and the same should be so located as to best serve public convenience, at the same time taking into consideration all questions of safety and the practical operation of the railway interested. These are all matters properly within the jurisdiction of the railway commissioners for consideration, and their action in relation thereto should not be interfered with by the courts, unless in violation of some law or some paramount right of interested parties. All assignments of error have been carefully considered.

Finding no error in the record, the judgment appealed from is affirmed.